Cutting, J,
eóncurred in the result in the following opinion :—
■ The record in the present case shows that a notice was ordered, but it does not show that such notice was ever given, whereas the statute is imperative that it " shall be given to the owners of the lumber, as the Court shall order.”
It is contended that service of notice was waived by the appearance of Mr. Ingersoll, as counsel for certain individuals, "log owners.” Under such an entry it cannot be pretended that he appeared, in the language of the statute, for " the owners of the lumber.” But can it be argued that an appearance for certain persons, pretending to be the owners, shall subsequently preclude the -real owners from showing such fact? Whereas, if the statute notice had been given, and the real owners had neglected to appear and claim their rights, they would be precluded from afterwards asserting them. It appears from the record that ten lots of pine mill logs had been Seized, bearing each its respective marks, indicating as many individual owners. If Ingersoll’s appearance for a portion’ was sufficient to bind the whole, then it would inevitably follow that nine distinct owners would be wholly at the mercy of the tenth, who might, perhaps, only own the hundredth part of the lumber attached.
*437 It is said, if there were other owners beside such as were represented, their property is not embraced in the judgment, but only the property of such as did appear by counsel. But what marks did those appearing represent? The judgment embraces the ten lots, and under it the lumber of those who did not appear could not be sold to satisfy the lien on the lumber of those who did appear, yet the judgment makes no discrimination. The officer having the execution ought not legally to be compelled to make the discrimination at his peril, which he would be under the necessity of doing if he obeyed its commands.
.Besides, the statute contemplates that all questions in relation to the lien and the ownership shall be settled under the original process, and thus avoid any controversy which otherwise might subsequently arise between the officer and the owner, as decided in the case of Redington v. Fry, 43 Maine, 578. Hence, it was intended by the statute that the same notice should be given to the owners or persons interested as in a libel in rem in Admiralty.